*287
 
 Battle, J.
 

 The question presented in this case depends upon the proper construction of the 5th section of the 1st chapter of the Bevised Code. This enactment was originally made in 1799, and was intended to prevent the abatement of an action of ejectment by the death of the defendant therein. The mischief at common law was, that upon the death of the defendant, the suit abated, in consequence of which the plaintiff’s lessor had to pay his own costs, and commence a new suit against the heirs, or devisees. To prevent this, the Act authorised the lessor to revive the ’suit by serving on the heirs-at-law, or devisees, of the deceased defendant, or the guardian, within two terms after the death of the defendant, “a copy of the declaration filed in the said action,” &c. This was intended for the benefit of the lessor, and though we have no doubt he might permit the heirs, or devisees to come in voluntarily, and be made parties, yet' we cannot discover anything, either in the policy, or terms of the Act, which gives them the right to come in, and be made parties against his will. lie may prefer to suffer the action to abate, in order to avoid the risk of having all the costs to pay in the event of a decision against him. If he choose to abandon his suit upon an abatement, because he may thereby avoid the payment of oth,er costs than his own, we do not see that the Act in question gives to the heirs, or devisees, of the deceased defendant, any right to prevent it.
 

 We
 
 have examined the cases referred to by the defendant’s counsel, and we cannot find anything in opposition to these views.
 

 Pee OueiaM. Judgment affirmed.